Slip Op. 16-119

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>           Plaintiff,<br><br>v.<br><br>UNIVAR USA, INC.,<br><br>           Defendant. | Before: Mark A. Barnett, Judge<br><br>Court No. 15-00215 |

<u>MEMORANDUM AND ORDER</u>

[Defendant's Motion for Partial Summary Judgment is denied; Plaintiff's Cross-Motion for Partial Summary Judgment is denied.  Defendant's motions for leave to file supplemental briefs are denied as moot.]

Dated:  December 22, 2016

        <u>Stephen C. Tosini</u>, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for plaintiff.  With him on the brief were <u>Benjamin C. Mizer</u>, Principal Deputy Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.

        <u>Lucius B. Lau</u>, White & Case LLP, of Washington, DC, argued for defendant. With him on the brief were <u>Gregory J. Spak</u> and <u>Dean A. Barclay</u>, of Washington, DC, and <u>Fernando L. Aenlle-Rocha</u>, of Los Angeles, CA.

        Barnett, Judge:  The case is before the court on cross-motions for partial

summary judgment.  Univar's Mot. for Partial Summ. J. ("Def.'s PMSJ"), ECF No. 18;

Confidential Pl.'s Opp'n to Univar's Mot. for Partial Summ. J. and Cross-Mot. for Partial

Summ. J. ("Pl.'s Opp'n and XMSJ"), ECF No. 30.  In this case, Plaintiff, United States,

seeks to recover unpaid antidumping duties and a monetary penalty pursuant to 19

U.S.C. § 1592,[1] stemming from 36 entries of saccharin,[2] allegedly transshipped from

China through Taiwan, which Defendant, Univar USA, Inc. ("Defendant" or "Univar"),[3]

entered into the commerce of the United States between 2007 and 2012.  Compl ¶ 1,

ECF No. 2.  Defendant seeks partial summary judgment in its favor with respect to the

23 entries that occurred prior to March 2010, while Plaintiff seeks partial summary

judgment in its favor with regard to the 13 entries that occurred during or after March

2010.  *See generally* Def.'s PMSJ; Pl.'s Opp'n and XMSJ.  For the reasons discussed

below, the court denies both motions for partial summary judgment.

## BACKGROUND

Between July 9, 2007, and April 3, 2012, Univar made 36 entries of saccharin

into the United States at various ports around the country.  Compl. ¶ 7; Answer ¶ 7,

ECF No. 8.[4]  Prior to 2003, Univar imported saccharin from the People's Republic of

---

[1] All references to the United States Code are to the 2012 edition, unless otherwise stated.

[2] The relevant antidumping duty order covers "all types of saccharin imported under . . . [Harmonized Tariff Schedule of the United States 2925.11.00]," and the scope of the order defines saccharin as a "non-nutritive sweetener" that has "four primary chemical compositions," namely (1) sodium saccharin, (2) calcium saccharin, (3) acid (or insoluble) saccharin, and (4) research grade saccharin.  *Saccharin from the People's Republic of China*, 68 Fed. Reg. 40,906, 40,907 (Dep't Commerce July 9, 2003) (notice of antidumping duty order) ("AD Order").

[3] Univar USA, Inc. is the defendant in this case.  Univar USA, Inc. is a wholly-owned subsidiary of Univar, Inc.  Univar USA, Inc.'s Resp. to Pl.'s Rule 56.3 Statement ("Def.'s Resp. to Pl.'s SOF") ¶ 95, ECF No. 36-1.  Defendant objects that Plaintiff refers to both Univar USA, Inc. and Univar, Inc. as "Univar."  Def.'s Resp. to Pl.'s SOF ¶ 96; Answer ¶ 8 note 1, ECF No. 8.  The court will refer to Univar USA, Inc. as Univar.

[4] Customs and Border Protection's ("CBP") penalty notices cover the period May 10, 2004 through May, 2012 and also state that 36 entries were made.  Def.'s PMSJ, Ex. 10 ("Am. Penalty Notice"), ECF No. 18-14; *see also* Def.'s PMSJ, Ex. 16 ("Pre- Penalty Notice"), ECF No. 18-20; Def.'s PMSJ, Ex. 22 ("Penalty Notice"), ECF No. 18-26.

China ("PRC").  Compl. ¶ 8; Answer ¶ 8.  Following investigations by both the

Department of Commerce and the International Trade Commission, on July 2, 2003, the

Department of Commerce issued an antidumping duty order on imports of saccharin

from the PRC.  AD Order, 68 Fed. Reg. 40,906.  That order imposed cash deposits of

estimated antidumping duties at the rate of 329.94 percent on imports of saccharin from

the PRC.  *Id.* at 40,907.  Thereafter, Univar sought other sources of saccharin and, as

of 2004, was importing saccharin from Taiwan.  Compl. ¶¶ 8, 13; Answer ¶¶ 8, 13.  For

each of the 36 entries at issue, Univar declared the country of origin of its saccharin

imports to be Taiwan.  Am. Penalty Notice at 5.

CBP, through U.S. Immigration and Customs Enforcement, Homeland Security

Investigations, began investigating Univar's imports of saccharin from Taiwan in 2009.

Univar's Rule 56.3 Statement in Supp. of its Mot. for Partial Summ. J. ("Def.'s SOF")

¶¶ 5, 7, ECF No. 18-3; Confidential Pl.'s Rule 56.3 Statement in Supp. of its Opp'n to

Univar's Mot. for Partial Summ. J. and Cross-Mot. for Partial Summ. J. ("Pl.'s SOF")

¶¶ 5, 7, ECF No. 30-1; *see also* Compl. ¶ 20; Answer ¶ 20.  In July 2011, Kinetic

Industries, Inc. ("Kinetic") brought a *qui tam* action pursuant to the False Claims Act, 31

U.S.C. §§ 3729, *et seq.*, alleging that Univar was misstating the country of origin of its

imports of saccharin.  Def.'s SOF ¶ 8; Pl.'s SOF ¶ 8.  In 2013, the government declined

to intervene in that case and, in 2014, Kinetic terminated the action.  Def.'s SOF ¶¶ 19-

20; Pl.'s SOF ¶¶ 19-20.  CBP continued its own investigation into Univar's imports of saccharin.  Among other things, as a result of their investigation, CBP determined[5] that:

- Lung Huang,[6] Univar's supplier in Taiwan, was not licensed to manufacture sodium saccharin in Taiwan.  Am. Penalty Notice at 5.

- High Trans Corp. ("HTC") was the only licensed manufacturer of saccharin in Taiwan. Confidential Aff. of Special Agent Wally Tsui in Supp. of Pl.'s Opp'n. to Univar's Mot. for Partial Summ. J. ("Tsui Aff."), ECF No. 30-11, Ex. 1 ("Department of Homeland Security ("DHS") ROI No. 18") at 34, ECF No. 30-12.

- HTC, a company producing saccharin in Kaohsiung City, Taiwan, made a limited number of sales to Lung Huang in 2005, for export to the United States.  DHS ROI No. 18 at 63; *see also* Def.'s SOF ¶ 64; Pl.'s SOF ¶ 64.

- As of August 29, 2010, HTC's only U.S. customer for saccharin was Rit-Chem.  DHS ROI No. 18 at 63.

---

[5] The court recognizes that some of CBP's findings are inconsistent with other findings and that Defendant has raised evidentiary objections to the CBP reports and the affidavits submitted by Plaintiff in its filings.  For purposes of these cross motions for summary judgment, the court will not address the evidentiary objections because summary judgment is premature in any case.  To the extent that the court makes reference to the CBP reports or affidavits by government investigators, it is without prejudice to any objections Defendant may have to them.

[6] There are two different entities, Lung Huang Trading Co. and Long Hwang Chemical LTD (both owned by William Huang) and the penalty notice makes reference to both. Am. Penalty Notice at 5-6; Compl. ¶ 9; *see also* Answer ¶ 14 note 2.  For ease of reference the court will refer to the two collectively as Lung Huang.

- The Lung Huang factory address provided by William Huang was a
  residential building.  DHS ROI No. 18 at 73; Am. Penalty Notice at 5.

CBP concluded that there was a sufficient correlation between imports into Taiwan from

China and exports from Taiwan to Univar to indicate that Univar's imports were simply

being transshipped from China, through Taiwan, to the United States.  Am. Penalty

Notice at 5.

CBP issued a pre-penalty notice on July 21, 2014, followed by a penalty notice

on October 1, 2014, and a revised penalty notice on February 10, 2015 (collectively,

"penalty notices").  Pre-Penalty Notice; Penalty Notice; Am. Penalty Notice.  Univar filed

a petition for relief on October 31, 2014 and an amended petition on March 23, 2015

and CBP issued a final decision responding to both petitions on June 15, 2015.  Def.'s

PMSJ, Ex. 30 ("CBP Decision Letter"), ECF No. 18-34.

Plaintiff, United States, filed a Summons and Complaint in this action on August

6, 2015.  Summons, ECF No. 1; Compl.  Parties have filed cross-motions for partial

summary judgment and the motions are fully briefed.  Def.'s PMSJ; Pl.'s Opp'n and

XMSJ.  Both parties have also filed U.S. Court of International Trade ("USCIT") Rule

56(d) declarations asking the court to defer or deny the other party's partial motion for

summary judgment because relevant discovery is ongoing.  *See* Pl.'s Suppl. Br., Decl.

of Stephen C. Tosini ("Pl.'s 56(d) Decl."), ECF No. 75-1; Univar USA Inc.'s Reply in

Supp. of its Mot. for Partial Summ. J. ("Def.'s Reply"), ECF No. 36., Decl. of Lucius B.

Lau in Supp. of Univar USA Inc.'s Rule 56(d) Request ("Def.'s 56(d) Decl."), ECF No.

36-6.  After the conclusion of briefing and with leave from the court, Plaintiff filed a

supplemental brief, to which Defendant provided a response.  Pl.'s Suppl. Br., ECF No.

75; Univar USA Inc.'s Resp. to Pl.'s Suppl. Br. ("Def.'s Resp. to Pl.'s Suppl. Br."), ECF

No. 76.  The court heard oral argument on October 12, 2016.  Docket Entry, ECF No.

77.

      After oral argument, Defendant filed two separate motions for leave to file

supplemental briefs and both motions are fully briefed.  Univar USA Inc.'s Mot. for

Leave to File Suppl. Br. ("Def.'s First Req."), ECF No. 79; Pl.'s Opp'n to Def.'s Mot. for

Leave to File Suppl. Br. ("Pl.'s Opp'n to Def.'s First Req."), ECF No. 80; Confidential

Univar USA Inc.'s Second Mot. for Leave to File a Suppl. Br. ("Def.'s Second Req."),

ECF No. 82; Pl.'s Opp'n to Def.'s Second Mot. for Leave to File Suppl. Br., ECF No. 86.

## JURISDICTION AND STANDARD OF REVIEW

      This case is brought by the United States against Univar to recover unpaid

antidumping duties and a monetary penalty owing from allegedly transshipped

saccharin from China through Taiwan pursuant to 19 U.S.C. § 1592.  As such, the court

possesses jurisdiction to hear this action pursuant to 28 U.S.C. § 1582.

      The Court of International Trade reviews all issues in actions brought for the

recovery of a monetary penalty pursuant to section 1592 *de novo* and on the basis of

the record made before the court.  19 U.S.C. § 1592(e)(1); 28 U.S.C. § 2640(a); *see

also United States v. ITT Indus., Inc.*, 28 CIT 1028, 1035, 343 F. Supp. 2d 1322, 1329

(2004), *aff'd*, 168 Fed. App'x 942 (Fed. Cir. 2006).

      Summary judgment is appropriate upon motion "after adequate time for

discovery" has elapsed and "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); USCIT Rule 56(c).

To determine which facts are "material," a court must look to the substantive law on

which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

"genuine issue" is one whose resolution could establish an element of a claim or

defense and, therefore, affect the outcome of the action.  *See Gill v. District of*

*Columbia*, 751 F. Supp. 2d 104, 107 (D.D.C. 2010) (citing *Anderson*, 477 U.S. at 248,

*Celotex*, 477 U.S. at 322).  The burden of establishing the absence of a genuine issue

of material fact lies with the moving party.  *See Celotex Corp.*, 477 U.S. at 323.  This

burden may be discharged by showing that the nonmovant "fail[ed] to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial," or by pointing to "an absence of

evidence to support the nonmoving party's case."  *Id.* at 322, 325; *see also Exigent*

*Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307-1308 (Fed. Cir. 2006) (discussing

*Celotex Corp.*).

        The court must view the evidence in the light most favorable to the nonmovant

and may not weigh the evidence, assess the credibility of witnesses, or resolve issues

of fact.  *See Anderson*, 477 U.S. at 249, 255; *Netscape Comm.'s Corp. v. Konrad*, 295

F.3d 1315, 1319 (Fed. Cir. 2002) ("When ruling on a motion for summary judgment, all

of the nonmovant's evidence is to be credited and all justifiable inferences are to be

drawn in the nonmovant's favor.") (citations omitted).  In a case such as this, when

discovery is ongoing, courts must also evaluate whether "adequate time for discovery"

has elapsed so that the nonmovant is not "railroaded by a premature motion for

summary judgment." *Celotex Corp.*, 477 U.S. at 322, 326 (internal quotation marks

omitted).

A party opposing summary judgment because "it cannot present facts essential

to justify its opposition" may ask the court to defer consideration of or deny the motion

while it continues discovery. USCIT Rule 56(d) (allowing the court to defer or deny the

motion, grant further time for discovery, or issue any other appropriate order); *see also*

*Celotex Corp.,* 477 U.S. at 326; *Baron Servs., Inc., v. Media Weather Innovations LLC*,

717 F.3d 907 (Fed. Cir. 2013) (addressing Federal Rule of Civil Procedure 56(d) and

noting that the rule applies when party opposing summary judgment has been unable to

obtain responses to discovery requests and discovery sought would be relevant to

issues presented for summary judgment).  Rule 56(d) may not be used to aid a party

that has been "lazy or dilatory" or has "failed to make use of the various discovery

mechanisms" at its disposal.  *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F. 3d 1301,

1311 (Fed. Cir. 2006) (addressing analogous rule in Federal Rules of Civil Procedure

and citing *Druid Hills Civic Ass'n v. Fed. Highway Admin.*, 833 F. 2d 1545 (11th Cir.

1987)).  Additionally, the party requesting relief pursuant to Rule 56(d) must "state with

some precision the materials [it] hopes to obtain with further discovery, and exactly how

[it] expects those materials would help [it] in opposing summary judgment."  *Simmons*

*Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed. Cir. 1996) (addressing

analogous rule in Federal Rules of Civil Procedure and citing *Krim v. BancTexas Group*,

Inc., 989 F. 2d 1435, 1143 (5th Cir. 1993)).  While the cited cases address Federal Rule

of Civil Procedure 56(d), USCIT Rule 56(d) is identical and the court may refer for

guidance to the rules of other courts.  USCIT Rule 1.

## DISCUSSION

I.   **Plaintiff may develop additional evidence during discovery beyond that upon which the administrative proceeding was based**

The premise underlying Defendant's motion for partial summary judgment is that,

in an action commenced pursuant to 19 U.S.C. § 1592 to recover a monetary penalty,[7]

the United States is limited to the material facts and evidence disclosed in CBP's

penalty notices.[8]  Def.'s PMSJ at 21; Def.'s Reply at 13-16.  Plaintiff responds that the

court's *de novo* scope of review allows the government to introduce facts and evidence

---

[7] Section 1592 notes, in relevant part:
    (a) Prohibition
        (1) General rule
        Without regard to whether the United States is or may be deprived of
        all or a portion of any lawful duty, tax, or fee thereby, no person, by
        fraud, gross negligence, or negligence--
            (A) may enter, introduce, or attempt to enter or introduce any
            merchandise into the commerce of the United States by means of--
                (i) any document or electronically transmitted data or
                information, written or oral statement, or act which is material
                and false, or
                (ii) any omission which is material, or
            (B) may aid or abet any other person to violate subparagraph (A).
19 U.S.C. § 1592.

[8] Defendant refers to CBP's "pre-penalty notice" issued on July 21, 2014, to its "penalty notice" issued on October 1, 2014, and to its "revised penalty notice" issued on February 10, 2015.  Def.'s XMSJ at 5-8.  The court notes that pursuant to Section 1592, CBP issues a pre-penalty *notice* to indicate its intent to seek a monetary penalty, followed by a penalty *claim* if it determines that a violation has occurred.  *See* 19 U.S.C. § 1592(b) (emphasis added).  However, in common parlance, references made to penalty notices frequently encompass pre-penalty notices and penalty claims.

not previously set forth during the administrative proceeding.  Pl.'s Opp'n and XMSJ at

22-23.

A penalty proceeding before the court is conducted *de novo*, with the burden of

proof based upon the level of culpability alleged in the penalty claim.  19 U.S.C.

§§ 1592(b), 1592(e).[9]  The "level of culpability forms the core around which the

government must construct each penalty claim it wishes to bring."  *United States v.

Optrex America, Inc.*, 29 CIT 1494, 1498 (2005).  In *United States v. Nitek Electronics,

Inc.*, the Federal Circuit held that "penalty claims based on fraud, gross negligence, or

negligence are separate claims and the Department of Justice cannot independently

enforce a penalty claim in court for a culpability level that was not pursued

administratively by Customs."  806 F.3d 1376, 1380 (Fed Cir. 2015).

---

[9] Section 1592(e) reads:

> Notwithstanding any other provision of law, in any proceeding commenced
> by the United States in the Court of International Trade for the recovery of
> any monetary penalty claimed under this section--
>> (1) all issues, including the amount of the penalty, shall be tried de
>> novo;
>> (2) if the monetary penalty is based on fraud, the United States shall
>> have the burden of proof to establish the alleged violation by clear and
>> convincing evidence;
>> (3) if the monetary penalty is based on gross negligence, the United
>> States shall have the burden of proof to establish all the elements of
>> the alleged violation; and
>> (4) if the monetary penalty is based on negligence, the United States
>> shall have the burden of proof to establish the act or omission
>> constituting the violation, and the alleged violator shall have the burden
>> of proof that the act or omission did not occur as a result of negligence.

19 U.S.C. § 1592(e).

Defendant asserts that the government cannot enforce claims before the court that were not administratively exhausted before CBP.  Def.'s PMSJ at 19-23.  However, Defendant's argument conflates the prohibition against pursuing a claim based on a different level of culpability with the government's ability to bring forth new or admissible evidence in support of a claim already set forth in the penalty notice during the administrative proceeding.  *See, e.g., id*. at 20-23; Def.'s Resp. at 5; Def.'s Reply at 9-11.  Defendant cites to *Nitek* and *Optrex*, but these cases do not support its position.  In both *Nitek* and *Optrex,* the issue was whether the government could make a claim for a different culpability level than that previously set forth in CBP's penalty notices; the Federal Circuit held that it could not.  *Nitek*, 860 F.3d at 1380 ("*de novo* review does not give the Government independent power to bring a claim that Customs did not allege") (italicization added); *Optrex*, 29 CIT at 1498-1500 ("the *de novo* standard refers to the issues in the context of a specific claim based on one of three types of section 1592 violations and does not allow the court to review entirely new penalty claims").[10]  In none of the cases cited by Defendant does the court consider whether either party to the proceeding is prohibited from introducing new evidence in support of a claim and culpability level that have already been set forth in the penalty notice.

Section 1592 penalty proceedings are tried *de novo* on the basis of the record developed before the court; they are not record reviews of an administrative proceeding,

---

[10] Defendant also cites to *United States v. Ford Motor Co.*, 463 F. 3d 1286 (Fed. Cir. 2006), but the issue there was Ford's ability to attach an unrelated counterclaim to its pleadings, not whether either party could introduce new evidence related to existing claims before the court. *See id*. at 1296-98.

but rather litigation on a claim made by the agency.   19 U.S.C. § 1592(e); 28 U.S.C.

2640(a)(6) ("The Court of International Trade shall make its determinations upon the

basis of the record made before the court in . . . . [c]ivil actions commenced pursuant to

section 1582 of this title.")  While the government, as already discussed, is not permitted

to pursue claims based on culpability levels not asserted in the penalty claim, Univar's

argument that the government is limited to the particular facts set forth in the penalty

notice and the evidentiary record compiled by CBP during its investigation is without

merit.  A penalty notice is adequate when it "provides [the liable party] with . . . enough

information for it to form a response in defense."  *United States v. Obron Atl. Corp.*, 18

CIT 771, 774-75, 862 F. Supp. 378, 381 (1994) (CBP had provided sufficient material

facts when CBP described the merchandise entered and explained the manner in which

it was mis-described, leading to the alleged improper entry); *see also United States v.*

*American Casualty Corp. of Reading Pa.*, 39 CIT ___, ___, 91 F. Supp. 3d 1324, 1338

(2015) (CBP had disclosed all material facts and importer was adequately apprised

when pre-penalty notice indicated that merchandise was purchased from a fishery in

China but importer had declared country of origin as Thailand, thus breaching its duty of

reasonable care); *Nitek*, 806 F. 3d at 1380 ("the court can consider all issues *de novo*

that are alleged in Customs' final penalty claim").  Thus, contrary to Univar's claim,

Plaintiff is not barred from introducing evidence developed during discovery solely

because it was not before CBP during the administrative proceeding and specifically

disclosed in the penalty notice.

## II.     Defendant's motion for partial summary judgment is denied

Defendant argues that the material facts disclosed by CBP in its penalty notices

fail to establish gross negligence or negligence with respect to the 23 entries that pre-

date March 2010.  Def.'s PMSJ at 23-25.  Defendant asserts that the Taiwanese

customs documentation relied on by CBP to support its allegation of transshipment only

concerns entries beginning in March 2010.  *See id*.; *see also* Def.'s PMSJ, Ex. 26

("Taiwan Customs Data"), ECF No. 18-30.  Plaintiff responds that the Taiwanese

customs data is sufficient evidence to establish that Lung Huang had a habit or routine

practice of importing Chinese saccharin and then exporting it to the United States, as

permitted by Federal Rule of Evidence 406 ("FRE 406").  Pl.'s Opp'n and XMSJ at 15-

16.  Plaintiff contends that, at a minimum, the Taiwanese customs data raises a triable

issue of fact regarding the origin of the subject merchandise.  *Id*. at 18.  Further, Plaintiff

argues that Lung Huang lacked saccharin production facilities during the 2007-2012

time period and could not have produced the saccharin imported by Univar.  *Id.* at 17-

18.  Moreover, because HTC was the only saccharin producer in Taiwan during this

time period, and it did not sell any saccharin to Univar or Lung Huang during this period,

Univar's imports could not have been of Taiwanese origin.  *Id.* at 18.

To support its position, Plaintiff filed a series of exhibits with the court, including

affidavits and reports prepared by DHS personnel responsible for the underlying

investigation.  *See generally*, Confidential Aff. of Special Agent Patrick Deas in Supp. of

Opp'n. to Def.'s Mot. for Summ. J. ("Deas Aff."), ECF No. 30-2 (and accompanying

exhibits); Confidential Aff. of Special Agent Kyle Maher in Supp. of Opp'n. to Def.'s Mot.

for Summ. J. ("Maher Aff."), ECF No. 30-9 (and accompanying exhibits); Tsui Aff. (and

accompanying exhibits); Confidential Decl. of Stephen C. Tosini ("Tosini Decl."), ECF

No. 30-20 (and accompanying exhibits).  Defendant contests the admissibility of

Plaintiff's evidence.  Def.'s Reply at 4-6.    Plaintiff has not had an opportunity to

respond to Defendant's objections to its affidavits, declarations and reports with respect

to the 23 entries because the objections were raised in Defendant's reply.  *See* Def.'s

Reply at 4-6.

As the moving party, Defendant has the burden to show that there are no

material facts in dispute related to its claim.  *See Celotex Corp.*, 477 U.S. at 323.  In this

case, Defendant may discharge this burden by showing that there is an absence of

evidence supporting Plaintiff's case.  *See id.* at 325.  However, when discovery is on-

going, the court must consider whether adequate time for discovery has elapsed so that

the non-movant is not unfairly disadvantaged by a premature summary judgment

motion.  *See id.* at 322, 326.

Defendant contends that Plaintiff is unable to produce any evidence showing

entries of allegedly transshipped saccharin prior to March 2010 (as set forth in the

Taiwanese customs data).  Discovery, however, is not complete.  Both parties are

continuing to depose witnesses.  *See, e.g.* Pl.'s Suppl. Br.; Def.'s Resp. to Pl.'s Suppl.

Br.; Univar USA's Mot. for Leave to file Suppl. Br.; Pl.'s Opp'n to Def.'s Mot. for Leave to

file Suppl. Br.  Additionally, the court issued letters rogatory seeking admissible

testimony from William Huang and Guan-fu Lai (a representative of HTC) in Taiwan and

responses to those letters remain outstanding.  Confidential Request for Int'l Judicial

Assistance (June 21, 2016), ECF No. 50; Request for Int'l Judicial Assistance (June 21,

2016), ECF No. 51; *see also* Pl.'s Suppl. Br. at 2 (the letters rogatory have been

received by the relevant Taiwanese district courts and remain pending).  Further,

Plaintiff  has represented that it is in the process of procuring certified statements from

Taiwanese authorities pertaining to saccharin production, manufacture or repackaging

in Taiwan during the relevant period, data on saccharin imports into Taiwan during the

relevant period, and import/export data relating to Lung Huang during the relevant

period.  Pl.'s Suppl. Br. at 3.  Fact discovery does not close until January 25, 2017. *See*

Order (Nov. 25, 2015) ("Scheduling Order"), ECF No. 16.  While Plaintiff asserts that it

has sufficient evidence to establish that the subject entries were of Chinese origin,

Plaintiff also requests, in the alternative, that the court defer or deny consideration of

Defendant's motion while relevant discovery is pending.  Pl.'s Opp'n and XMSJ at 24-

25; Pl.'s Suppl. Br.; Pl.'s R. 56(d) Decl. at 2.

As the movant, Defendant has the burden to show that there is an absence of

evidence supporting Plaintiff's case.  However, when that alleged absence may be the

result of incomplete, ongoing discovery, the court may properly deny the partial

summary judgment motion on the basis of an affidavit or declaration from the

nonmoving party showing that, for specified reasons, it cannot present facts to justify its

opposition.  USCIT Rule 56(d).  In this case, the United States has, in the alternative,

made such a declaration and, as discussed above, discovery is ongoing.

Defendant also raises evidentiary issues with the Taiwanese customs data and

the affidavits and declarations submitted as part of Plaintiff's response.  Def.'s Reply at

4-9; *see also* Univar USA Inc.'s Resp. to Pl.'s Rule 56.3 Statement, ECF No. 36-1.

Defendant argues that, contrary to Plaintiff's position, the Taiwanese customs data does

not constitute habit evidence and that, even if it met the requirements of "habit" pursuant

to FRE 406, it could not be used to infer that Lung Huang transshipped Chinese

saccharin prior to 2010 because habit evidence is customarily used to infer prospective

conduct and the Taiwanese customs data only provides information for the period 2010-

2012.  Def.'s Reply at 6-9.  Defendant claims that the affidavits and declarations put

forth by Plaintiff in support of its position are inadmissible hearsay and therefore do not

meet the requirements of USCIT R. 56(c)(1) that a party asserting that a material fact is

in dispute cite to particular parts of the record and admissible evidence to support its

claim.  Def.'s Reply at 4-6; *see also* USCIT R. 56(c)(1).  The court need not resolve

these evidentiary issues at this time.  Material facts remain in dispute and discovery is

ongoing.  Whether Plaintiff will obtain sufficient admissible evidence with respect to the

23 pre-March 2010 entries to make its case is to be determined at some future date.   In

the interim, discovery is ongoing and Defendant's motion for partial summary judgment

is denied.

   **III.   Plaintiff's motion for partial summary judgment is denied**

         Plaintiff argues that it has established Defendant's liability pursuant to section

1592(a) with respect to the 13 entries of saccharin that occurred after March 2010 and

liability for antidumping duties and statutory interest on those entries.  Pl.'s Opp'n and

XMSJ at 26-30.  Plaintiff references the Taiwanese customs data in conjunction with its

evidence that Lung Huang could not have produced the subject merchandise to argue

that the post-March 2010 entries were of Chinese origin.  *See id*. at 3-6, 26.  Plaintiff

then argues that Univar was negligent and breached its duty of reasonable care when,

"in light of repeated warnings," Univar "took no action other than to ask the alleged

transshipper whether its merchandise was manufactured in Taiwan," and "further

discarded its own policy of conducting regular audits of and site visits to foreign plants."

*Id*. at 26, 27-29.  Defendant responds that Plaintiff's affidavits and declarations

submitted in support of its argument are based upon inadmissible hearsay and that, in

any event, material facts remain in dispute because Plaintiff has failed to demonstrate

that the country of origin declared by Univar was false or that Univar acted with

negligence or gross negligence.  Def.'s Resp. at 4-7.  As such, Defendant argues that

summary judgment with respect to the post-March 2010 entries should be denied, or in

the alternative, deferred until Univar has had time to complete discovery.  *Id*. at 4-14;

Def.'s R. 56(d) Decl.

As the moving party for partial summary judgment with respect to these entries,

Plaintiff has the burden to show that there are no disputed material facts and further,

that it is entitled to judgment as a matter of law.  Plaintiff has failed to carry that burden.

In support of its claim, Plaintiff relies on the arguments it made in response to

Defendant's partial motion for summary judgment, and offers the court nothing further.

*Compare* Pl.'s Opp'n and XMSJ at 26 ("as shown above, those 13 entries are all of

Chinese origin saccharin" referring to 13 post-March 2010 entries) *with* Pl.'s Opp'n and

XMSJ at 15-18 (discussing evidence establishing Chinese origin of 23 pre-March 2010

entries).  To wit, Plaintiff contends that the combination of the Taiwanese customs data,

together with CBP's finding that the only authorized Taiwanese manufacturer of saccharin, HTC, did not sell to Univar, demonstrates the Chinese origin of the 13 post-March 2010 entries.  *See* Pl.'s Opp'n and XMSJ at 15-18, 26.  In response, Defendant questions the relevance of Taiwanese customs data, noting that the saccharin Lung Huang imported from China is a different size than the saccharin Lung Huang exported to Univar and that it is not possible to correlate all of the Chinese imports into Taiwan with all of the exports from Lung Huang to the United States.  Def.'s Resp. at 5-6.

Plaintiff's argument regarding the Taiwanese customs data rests on correlating Lung Huang's saccharin imports into Taiwan from China with its saccharin exports from Taiwan to Univar in the United States.  According to Plaintiff, the shipments are correlated by weight and date of import.  Pl.'s Opp'n and XMSJ at 5-6, 16-17.  The Taiwanese customs data also includes information on the mesh or size of the sodium saccharin grain imports and exports.  Taiwan Customs Data at 3-4; *see* Def.'s Reply at 7 (noting that mesh connotes size).  Defendant argues that Plaintiff cannot tie each export to the United States with a correlated prior import from China because the total weight and size of the preceding imports from China did not always correspond with the weight and size of the exports to the United States.  Def.'s Resp. 6-7.

As indicated above, Plaintiff also argues that Univar's saccharin entries from 2007 to 2012 could not have been of Taiwanese origin because Lung Huang was not licensed to manufacture saccharin in Taiwan during this time, because Lung Huang allegedly lacked a manufacturing facility during this time, and because HTC was the only licensed manufacturer of saccharin in Taiwan during this period and it did not sell

saccharin to Univar.  Pl.'s Opp'n and XMSJ at 17-18; Pl.'s Reply at 5.  Defendant

asserts that Plaintiff has not put forth any Taiwanese regulation that required licensing

of saccharin manufacturing facilities and that Lung Huang's alleged lack of such license

does not mean it did not manufacture saccharin in Taiwan.  Def.'s Resp. at 7.  Further,

Defendant argues that Plaintiff's evidence regarding HTC is inadmissible because it

contains hearsay and, in any event, HTC's statement regarding its only U.S. customer

cannot be used to demonstrate that the statement remained true any time after it was

made.  *Id*. at 7.

Both Plaintiff and Defendant are continuing to conduct discovery on this and

other relevant issues.  For example, in its supplemental brief, Plaintiff stated that it is

waiting for certified statements from Taiwanese authorities that will address which, if

any, entities were formally authorized to manufacture or repackage saccharin in Taiwan.

Pl.'s Suppl. Br. at 3.  Defendant, for its part, has filed a USCIT R. 56(d) affidavit with the

court asking the court to defer or deny Plaintiff's motion, and in its response notes that

"Univar needs to conduct additional discovery in order to fairly respond to the

government's claims."  Def.'s Resp. at 12; Def.'s R. 56(d) Decl.

Plaintiff has failed to demonstrate a lack of disputed material facts with regard to

the claims on which it seeks partial summary judgment.  As is the case with Defendant's

motion for partial summary judgment, discovery is ongoing and Defendant has

adequately established that this motion must be denied to allow this discovery to continue.[11]

Plaintiff also argues that Univar is liable for antidumping duties and statutory interest on the 13 post-March 2010 entries because of "uncontroverted proof of Univar's violation with respect to these 13 entries, all of even *[sic]* which post-date the target letter." Pl.'s Opp'n and XMSJ at 29.  Because questions of fact remain regarding the country of origin of Univar's entries, and, in light of the outstanding discovery, partial summary judgment with regard to antidumping duty liability is similarly inappropriate at this time and is, therefore, denied.

## IV.    Defendant's motions for leave to file supplemental briefs are denied as moot

Confirming the premature nature of both summary judgment motions, parties have continued to supply the court with briefs and allegedly undisputed facts on the basis of ongoing discovery.  *See* Def.'s First Req.; Pl.'s Opp'n to Def.'s First Req.; Def.'s Second Req.; *see also* Pl.'s Suppl. Br.; Def.'s Resp. to Pl.'s Suppl. Br.  In light of the denial of the cross motions for partial summary judgment, the Defendant's pending

---

[11] In addition to clearly relevant discovery that is still ongoing, Defendant has raised a number of evidentiary issues with respect to the Taiwanese customs data and Plaintiff's evidence from the CBP investigation.  Def.'s Resp. at 4-5.  Because material facts remain in dispute and summary judgment is premature, the court does not reach these evidentiary issues.  *See supra* pp. 14-16.

motions for leave to file supplemental briefs are denied as moot.  Def.'s First Req.;

Def.'s Second Req.

**CONCLUSION**

For the reasons stated above, the court DENIES Defendant's motion for partial

summary judgment with regard to the 23 entries of saccharin that entered prior to March

2010 (ECF No. 18) and DENIES Plaintiff's motion for partial summary judgment with

regard to the 13 entries of saccharin that entered during or after March 2010 (ECF

No. 30).

The court DENIES Univar's motion for leave to file a supplemental brief (ECF

No. 79) and DENIES Univar's second motion for leave to file a supplemental brief (ECF

No. 82).

Parties are to proceed in accordance with the Scheduling Order, dated

November 25, 2015 (ECF No. 16).


                                                    /s/      Mark A. Barnett
                                                    Mark A. Barnett, Judge

Dated:  December 22, 2016
              New York, New York