**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| United States,<br><br>     Plaintiff,<br><br>  v.<br><br>Univar USA Inc.,<br><br>     Defendant. | BEFORE Honorable Mark A. Barnett<br><br>Court No. 15-00215 |

**UNIVAR'S RENEWED MOTION *IN LIMINE*
FOLLOWING THE COURT'S MARCH 26 AND 27, 2019 ORDERS**

On March 26, 2019, this Court held that the "determination of the quantum of civil penalties pursuant to section 1592(c) is not an issue triable to the jury." (ECF No. 266 at 12.) In light of that ruling, Univar USA Inc. ("Univar") renews its objections to several categories of evidence described in its Omnibus Motion *in Limine* because this evidence is not relevant to the core issues in the case—origin of the saccharin, negligence, and mistake of fact—to be tried before the jury, but only relevant to the penalty determination. (ECF No. 218.) Plaintiff initially opposed Univar's motion on the grounds that these categories of evidence were relevant to a determination of the discretionary penalty. (*See, e.g.*, ECF No. 221 at 4–5, 9–10.)

On March 27, 2019, this Court ruled on Univar's motion to exclude the testimony of Agent Kriplean. (ECF No. 267.) The Court held that "[t]his case does not involve the safety of Univar's imported saccharin, violations of FDA statutory or regulatory requirements, nor anything involving bioterrorism, and such references are only likely to confuse or unduly prejudice the jury." (*Id*. at 5.) In light of this ruling, Univar renews its motion to exclude evidence and argument that pertain to health and safety. Plaintiff opposed Univar's motion to exclude these topics on the

ground that these categories of evidence were relevant to Univar's degree of culpability.  (*See, e.g.*, ECF No. 221 at 7.)

In light of this Court's March 26 ruling that the discretionary penalty is not an issue for the jury, and its March 27 ruling that issues of health, safety, and bioterrorism have no place in this trial, Plaintiff can no longer support the admission of the categories of evidence and argument addressed in this renewed motion *in limine*.  The following evidence should be excluded from the jury trial:

**Univar's Corporate "Character" and Payment of Taxes.**  Univar moved to exclude "all evidence, argument, and expert commentary suggesting that Univar avoids taxes or is a bad corporate actor or corporate citizen" on the grounds that such evidence is immaterial to any factual dispute at issue, constitutes impermissible character evidence, and would only serve to prejudice Univar and distract from the issues.  (ECF No. 218 at 2–3.)  Plaintiff argued in response that "defendant's history of previous violations" and its "corporate character" were relevant to the determination of the civil penalty pursuant to the factors laid out in *United States v. Complex Machine Works Co.*, 83 F. Supp. 2d 1307, 1315 (C.I.T. 1999).  (ECF No. 221 at 4.)  This Court denied the motion *in limine* without prejudice.  (ECF No. 230.)

Evidence of Univar's corporate "character" and its payment of taxes have no bearing on whether the saccharin was made in China, whether Univar was negligent, or whether Univar made a mistake of fact.  As a result, this evidence is not relevant to any issue to be tried by the jury in light of the Court's March 26, 2019 order, and Univar's motion to exclude this evidence should be granted.

**Univar's Financial Condition and Ability to Pay.**  In its Omnibus Motion *in Limine*, Univar moved to exclude evidence, argument, and expert commentary pertaining to "the overall

magnitude of Univar's business operations, including without limitation Univar's (1) overall yearly revenues or profits, (2) overall worth and/or market capitalization, (3) status as a publicly-traded company, and (4) its ability to pay any antidumping duties or penalties that Plaintiff seeks to impose" under Federal Rules of Evidence 401, 402, and 403.  (ECF No. 218 at 3.)  Plaintiff argued in opposition that "a defendant's ability to pay; the size of its business operations; the economic benefit it gained as a result of the violation; and the effect of any penalty on Univar's continued operations are factors that should be taken into account in order to determine an appropriate penalty" in accordance with the *Complex Machine Works* factors.  (ECF No. 221 at 4–5.)  This Court denied the motion in line without prejudice.  (ECF No. 230.)

The *Complex Machine Works* factors will not be considered by the jury at trial.  (ECF No. 266 at 12.)  Evidence regarding Univar's financial condition and ability to pay have no bearing on whether the saccharin was made in China, whether Univar was negligent, or whether Univar made a mistake of fact.  Because this evidence is not relevant to any issue to be tried by the jury in light of the Court's March 26, 2019 order, Univar's motion to exclude this evidence should now be granted.

**Argument Regarding "Public Interest" and to "Send a Message."**  Univar argued that Plaintiff should be barred, under Federal Rules of Evidence 401, 402, and 403, from argument "relating to the use of this case to 'send a message' to the business community concerning payment of tariffs or duties, or to 'make an example' of Univar."  (ECF No. 218 at 9.)  Plaintiff argued that "Univar's level of culpability, the public interest in ensuring food product imports are accurately identified and sourced, the appropriateness of the penalty sought by the Government and its financial impact on Univar, and the harm to the public as a result of Univar's violation" were

relevant issues under *Complex Machine Works*.  (ECF No. 221 at 9.)  This Court denied the motion *in limine* without prejudice.  (ECF No. 230.)

Plaintiff's arguments have been rendered incorrect by the Court's March 26, 2019 order. Any argument to "send a message" to Univar has no place in a trial regarding whether the saccharin was made in China, whether Univar was negligent, or whether Univar made a mistake of fact. Moreover, to the extent the Government intends to contend that the jury should act to protect the public interest in food safety or preventing bioterrorism, that argument is foreclosed by the Court's March 27 ruling.  Although saccharin may be used in consumer products (e.g. toothpaste), there is no issue about food safety or the public interest in food safety relevant to this case.  As a result, Univar's motion to exclude arguments appealing to the public interest generally, the public interest in food safety, or to "send a message" should be granted.

**Other Litigation.**  Univar's Omnibus Motion *in Limine* also requested that this Court exclude evidence, argument, and expert commentary "relating to any other legal matters or disputes in which Univar is a party" under Federal Rules of Evidence 401, 402, 403, and 404. (ECF No. 218 at 9–10.)  Plaintiff opposed, arguing solely that the *Complex Machine Works* factors made any prior violations relevant to the amount of the penalty.  (ECF No. 221 at 9–10.)  This Court denied the motion *in limine* without prejudice.  (ECF No. 230.)

Evidence and argument regarding other litigation have been rendered irrelevant by the Court's March 26, 2019 order. References to other cases have no place in a jury trial regarding whether the saccharin was made in China, whether Univar was negligent, or whether Univar made a mistake of fact.  As a result, Univar's motion to exclude this evidence or argument should now be granted.

**Univar's Presence in China.**  Univar argued that Plaintiff should be precluded from offering evidence, argument, or expert commentary relating to Univar's presence in China, because such evidence was irrelevant, and could be prejudicial.  (ECF No. 218 at 10.)  In response, Plaintiff suggested that the "public interest" and "harm to the public" prongs of the *Complex Machine Works* analysis made some such evidence relevant.  (ECF No. 221 at 10.)  The Court denied the motion *in limine* without prejudice. (ECF No. 230.)

Plaintiff's reason for the admission of this testimony—one of the *Complex Machine Works* factors—is no longer an issue for the jury.  Because this topic sheds no light on whether the saccharin was made in China, whether Univar was negligent, or whether Univar made a mistake of fact, this topic should not be addressed before the jury.

**Safety and Quality of Saccharin and Manufacturing Process**.  In its Omnibus Motion *in Limine*, Univar asked the Court to exclude "all evidence, argument, and expert commentary relating to the safety or quality of saccharin, any of the compounds commonly used to produce it, or the processes used to manufacture it, and specifically the safety and quality of the saccharin entries at issue in this case."  (ECF No. 218 at 6–7.)  As an example of the type of evidence at issue, Univar pointed out that in the deposition of Univar's chemistry expert, Dr. Len Chyall, Plaintiff asked a number of questions concerning the toxicity or corrosiveness of the various compounds used to produce saccharin.  (*See id.*)  In response, the Government contended that these issues were relevant to Univar's degree of culpability.  (ECF No. 221 at 7–8.)  Plaintiff also argued that evidence concerning the method used to manufacture the saccharin was relevant to determining the origin of the material.  (*Id.*)  The Court denied the motion *in limine* without prejudice.  (ECF No. 230.)

Issues relating to health and safety of the imported saccharin are barred by the Court's March 27 order. (ECF No. 267 at 5.) To the extent Plaintiff attempts to rely on this evidence to show culpability, one of the *Complex Machine Works* factors, it is likewise improper in this jury trial, as such issues will be decided by the Court.[1] Evidence as to the chemical composition of the saccharin, and the methods used to manufacture it, may be admitted if relevant to prove its origin. Even then, Plaintiff should be cautioned not to suggest that Univar's importation of saccharin created health or safety issues. Because concerns about health or safety shed no light on whether the saccharin was made in China, whether Univar was negligent, or whether Univar made a mistake of fact, this topic should not be addressed before the jury.

## CONCLUSION

For the foregoing reasons, Univar respectfully requests that this Court grant Univar's motion barring Plaintiff from presenting evidence, argument, or expert commentary regarding any of the documents identified above.

---

[1] In light of this Court's March 26, 2019 ruling, the degree of culpability is not a jury issue. (ECF No. 266 at 12.) A determination of negligence or gross negligence is not relevant to any remedy under the statute except, arguably, the discretionary penalty under the *Complex Machine Works* factors. *Compare* 19 U.S.C. § 1592(c)(2)(A)(i), *with* 19 U.S.C. § 1592(c)(3)(A)(i). Because a determination of the discretionary penalty is no longer before the jury, any evidence going to the degree of culpability is not relevant in the jury trial.

Dated: March 28, 2019　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　By:  Defendant Univar USA, Inc.

　　　　　　　　　　　　　　　　　　/s/　　Craig C. Martin　　　　
　　　　　　　　　　　　　　　　　　　　Craig C. Martin
　　　　　　　　　　　　　　　　　　　　Sara Tonnies Horton
　　　　　　　　　　　　　　　　　　　　LaRue L. Robinson
　　　　　　　　　　　　　　　　　　　　Aaron J. Hersh
　　　　　　　　　　　　　　　　　　　　JENNER & BLOCK LLP
　　　　　　　　　　　　　　　　　　　　353 N. Clark Street
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　　(312) 222-9350 (phone)
　　　　　　　　　　　　　　　　　　　　cmartin@jenner.com
　　　　　　　　　　　　　　　　　　　　shorton@jenner.com
　　　　　　　　　　　　　　　　　　　　lrobinson@jenner.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Univar USA Inc.*

**CERTIFICATE OF SERVICE AND COMPLIANCE**

Pursuant to Chambers Procedure 2(B)(2), I hereby certify that **Univar's Renewed Motion *in Limine* Following the Court's March 26 and 27, 2019 Orders** contains 1,666 words and thus complies with the Court's word limitation. I further certify that a true and correct copy of this brief was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record and constitutes service in this action pursuant to Paragraph 7(a) of Administrative Order No. 02-01.

/s/ LaRue L. Robinson
LaRue L. Robinson